IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2019-BO

| | |
|---|---|
| MICHAEL G. LINDER, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

Michael G. Linder, a federal inmate, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the duration of his pre-release custody placement in a Residential Re-entry Center ("RRC") in that he seeks to be housed there for twelve months, not six months [Pet.]. Respondent is before the court with a motion to dismiss the action for failure to exhaust. [D.E. 5] Linder was given proper notice of the motion [D.E. 8], but did not respond. The matter is properly before the court.

Petitioner was sentenced December 19, 2006 [Pet., p.1], to 84 months imprisonment and his release date appears to be calculated as December 13, 2013. Mot. to Dismiss, Decl. of Cox, ¶ 3. The record shows petitioner has not exhausted his administrative remedies within the BOP. Id., ¶ 4-5. Given that Linder did not respond to the motion to dismiss, the assertion has not been contradicted in any manner.

A federal prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking review in federal court pursuant to section 2241. See McKart v. United States, 395 U.S. 185, 194-95 (1969); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam) (unpublished); accord Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam) (collecting cases); Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001).

"Failure to exhaust may only be excused upon a showing of cause and prejudice." McClung, 90 F. App'x at 445. Petitioner makes no showing of cause or prejudice.

Accordingly, petitioner's section 2241 action is DISMISSED WITHOUT PREJUDICE to allow him the opportunity to exhaust his administrative remedies. Thus, the motion to dismiss [D.E. 5] is ALLOWED and the case is CLOSED. The clerk is directed to send this order to both the address on record and to the Federal Correctional Institution, Butner Medium. See, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=12498-424 (last visited June 6, 2012).

SO ORDERED, this **7** day of June 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2

Case 5:11-hc-02019-BO   Document 9   Filed 06/08/12   Page 2 of 2